STATE OF NORTH CAROLINA, ROCKINGHAM COUNTY.
To any lawful officer, to execute and return within 30 days, Sundaysexcepted:
You are hereby commanded to arrest the body of Ezekiel Bowen, and him safely keep so that you have him before some justice of the peace for the said county to answer the complaint of Sampson Lanier on a note of fraud for $56. Herein fail not.
Given under my hand, this 27 July, 1808.
J. A. LADD. [SEAL]
(674) The service of the warrant was acknowledged and judgment confessed on the day it bears; when, also, the defendant stayed execution, and gave B. Stone as security. An execution was endorsed on the warrant in the following words:
Rockingham County. — Of the goods and chattels, lands and tenements of the defendant and security, you are hereby commanded to execute and cause to be made the sum of the above.
20 February, 1809. A. PHILLIPS.
On these proceedings the constable made a return on 27 February, 1809, that there were no goods and chattels to be found; wherefore he had levied on three tracts of land to satisfy this and four other executions against the defendant at the suit of the said plaintiffs.
On the return of these proceedings to the county court on the last Monday in February in the same year, a motion was made for a venditioniexponas, which was accordingly ordered, and issued in the following words: *Page 481 
"Ordered by the court, that so much of the lands of the defendants already executed by a constable be sold as will satisfy a judgment obtained against them by S. Lanier for the sum of £ 28, besides fees."
At the following sessions the execution was returned "Satisfied by the sale of the land."
The following assignment of errors was made:
1. That in the judgment rendered in the county court of Rockingham there is error in this, that the writing purporting to be an execution issued on a judgment rendered by a justice was not a valid and legal execution, but was void.
2. That the writing purporting to be a judgment rendered by a justice was not a sufficient and legal judgment upon which an execution could be issued, but was void.
3. That the writing purporting to be a warrant or the leading process was not a sufficient and legal warrant, but was void.
4. That there was no leading process or warrant.
5. That the papers on which the said judgment was rendered by the justice were not returned to the county court aforesaid which rendered the judgment for the sale of the land. (675)
6. That the said execution was not returned to the next county court held for the said county after the levy thereof on the said lands; the court commencing the same day the levy was made, viz., 27 February, 1809.
7. That the justice to whom the constable returned the execution did not return the same to the next court held for the said county after the levy thereof on the said lands; the court commencing the same day the levy was made, viz., 27 February, 1809.
8. That the justice to whom the constable returned the execution did not return the same to the next court held for the said county after the execution was returned to him by the constable.
It is an essential foundation to support a writ of error that there be a judgment, or something which is to be considered as such. None of the errors assigned in this case, if they are all to be viewed as errors in law, apply to the rendition of the judgment; they merely apply to the process in the nature of execution to enforce the judgment, which, if irregular, must be set aside in a different way; as by a motion, supersedeas, or the like.
The order of the county court after a return by the constable of a levy on the lands cannot in any wise be regarded as such. It may possibly *Page 482 
be considered as having some effect upon their liability to answer the demand, and in that respect have the quality of a judgment; but it is not that act of the court which determines the plaintiff's right to the thing demanded; that was previously ascertained by the judgment of the justice. There was no examination of the plaintiff's demand, nor day given to the defendant to make defense. It was simply an application to the court to award execution of sale against the lands of the defendant previously levied on, and the process then issued, if informal or (676) irregular, must be set aside, as any other execution; if void, it was of no force or effect, and consequently displaced no right of the present plaintiffs in error. The judgment, however, cannot in any event be affected by a writ of error, for it was rendered by a court not of record, and consequently must stand unreversed by this Court.*
* RUFFIN, being concerned while at the bar, as counsel, gave no opinion.
NOTE. — By the act of 1822 (1 Rev. Stat., ch. 45, secs. 8 and 9) a justice's execution is levied upon land and returned to court; the plaintiff may, upon application to the court, have a judgment there entered up for the amount of his recovery and costs.